Robertson, Ch. J.
It would have been error in the
judgment, as it originally stood, unless modified, (Dwight v. Enos, 5 Seld. 470; Fitzhugh v. Wiman, Id. 559,) not to allow the defendants the alternative of returning the property claimed. The change in it by inserting such alternative was a material alteration, and the defendants were entitled to notice of the change having actually been made, or the entry of the new judgment. Mere notice of permission having been accorded to do so, was' not sufficient to start the running of the time for bringing an appeal. The appeal, therefore, was in time. The defendants, by not preparing and serving a case, were only cut off from using on the appeal any thing but the record containing the pleadings,- verdict and judgment. (Gen. Rule, 35.) The order dismissing the appeal was, therefore, erroneous, This view renders it unnecessary to inquire whether the special term had jurisdiction to make the order. Generally no such application is necessary, as general court rules 35 and 37 provide for the consequences of neglect. Only the general term has a right to give judgment for not serving papers, because the cause must be on its calendar before judgment can be rendered. (Gen. Rule, 42.)
The order appealed from should be reversed, without costs